**FILED**

**DECEMBER 4, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07 C 6825**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TIGER ACCESSORY GROUP, L.L.C., an Illinois Limited Liability Company, | Case No. |
| Plaintiff, | **COMPLAINT FOR** JUDGE HIBBLER MAGISTRATE JUDGE VALDEZ **TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION AND INJURY TO BUSINESS REPUTATION** |
| v. | |
| PILOT AUTOMOTIVE, INC., a California Corporation, a/k/a WANG'S INTERNATIONAL, INC., a California Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Tiger Accessory Group, L.L.C. (hereinafter "Plaintiff" or "TAG")

by their attorneys, as and for their Complaint against Defendant, Pilot Automotive, Inc.

a/k/a Wang's International, Inc. (hereinafter "Defendant" or "Pilot"), allege as follows:

## I.    JURISDICTION AND VENUE

1.    This is a complaint for Trademark Infringement, Unfair Competition, and

False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C. §§1114(1)

(Trademark Infringement) and §1125(a).

2.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367.

3.    This Court has personal jurisdiction over the Defendant Pilot because of Defendant's offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction with the expectation that they will be purchased and used by Illinois consumers in this district, and on information and belief, that Defendant derives substantial revenue from its products sold in this district.

4.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district and the Defendant regularly engages in business in this district.

## II.    THE PARTIES

5.    Plaintiff Tiger Accessory Group, L.L.C. ("TAG") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 625 Barclay Blvd., Lincolnshire, Illinois 60069.

6.    Upon information and belief, Defendant Pilot Automotive, Inc. a/k/a Wang's International, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 768 South Turnbull Canyon Road, City of Industry, California 91745.

## III.    FACTUAL BACKGROUND

7.      In January 2000, TAG purchased in its entirety the entire business and assets of Clean-Rite Products, L.L.C., including all goodwill, trademarks and intellectual property.  In August 2001, TAG purchased in its entirety the entire business and assets of Blazer International Corp.,  including all goodwill, trademarks and intellectual property.

8.      To identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 17, 1987, applied to register the "Baja" mark with the United States Patent and Trademark Office (the "PTO"), based on a first use in commerce of on or about August 27, 1987.  On May 17, 1988, the PTO approved the application and issued a Certificate of Registration No. 1,488,309.  Registration No. 1,488,309 is valid and incontestable under 15 U.S.C. §1065.  A copy of the registration certificate is attached as Exhibit A.

9.      To further identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 11, 1987, applied to register the "Baja Tough" mark with the PTO, based on a first use in commerce of on or about August 27, 1987.  On May 17, 1998, the PTO approved the application and issued a Certificate of Registration No. 1,488,304.  Registration No. 1,488,304 is valid and incontestable under 15 U.S.C. §1065.  A copy of the registration certificate is attached as Exhibit B.

10.      Plaintiff, through its predecessors in interest, has continuously since on or about 1987 used the marks "Baja" and "Baja Tough" to identify its automotive headlamps and related consumer automotive auxiliary lighting products, and to distinguish from those made and sold by others, by, among other things, prominently

displaying the marks "Baja" and "Baja Tough" on Plaintiff's goods, containers and displays associated therewith.  Plaintiff has built substantial goodwill in both the "Baja" and "Baja Tough" trademarks.  In addition, Plaintiff has prominently displayed said trademarks on websites, in direct mail advertising and advertising in periodicals distributed throughout the United States.

11.    Upon information and belief, at least as early as July 2007, Defendant contracted with certain retail stores to sell and shipped automotive headlight assemblies and auxiliary lighting products bearing the mark "Baja Champions."  These stores include Autozone stores located in Illinois in this district.

12.    Upon information and belief, Defendant made available automotive headlight assemblies and related automotive lighting products bearing the mark "Baja Champions" for sale through Defendant's website (www.pilotautomotive.com) and through a catalog, copies of relevant pages of which are attached at Exhibit C.  The catalog can also be found at Defendant's website.

13.    Defendant's use of said marks is without permission of authority of Plaintiff and said use by Defendant is likely to cause confusion, to cause mistake and to deceive.

14.    Defendant's conduct is willful and Defendant's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

15.    Since on or about August 1987, Plaintiff, through its predecessors, has given notice to the public, including Defendant, that its marks are registered in the U.S.

Patent and Trademark Office by displaying with the marks, "Baja" and "Baja Tough," accompanied by the "®" symbol on its products.

16.     Since on or about July 6, 2007, Plaintiff has requested Defendant to cease and desist from it acts of trademark infringement and Plaintiff has given Defendant actual notice of Plaintiff's registration infringement and Defendant has refused to cease such acts.

**FIRST COUNT**
**TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32**

17.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 16.

18.     Pilot's use of the "Baja Champions" brand name comprises an infringement of TAG's registered trademarks "Baja" and "Baja Tough," and is likely to cause confusion, mistake and deception of the public as to the identity and origin of TAG's goods, causing irreparable harm to TAG for which there is no adequate remedy at law.

19.     By reason of the foregoing acts, Pilot is liable to TAG for trademark infringement under Lanham Act §32 (15 U.S.C. §1114).

**SECOND COUNT**
**UNFAIR COMPETITION UNDER LANHAM ACT §43**

20.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 19.

21.    Such acts by Defendant constitute unfair competition and or infringement of Plaintiff's common law rights in the marks "Baja" and "Baja Tough."

22.    Pilot's use of the "Baja Champions" mark to promote, market, or sell automotive lighting products in direct competition with TAG's products constitutes Unfair Competition pursuant to Lanham Act §43 (15 U.S.C. §1125(a)).  Pilot's use of the "Baja Champions" mark is likely to cause confusion, mistake, and deception among consumers.  Pilot's unfair competition has caused and will continue to damage TAG and is causing irreparable harm to TAG for which there is no adequate remedy at law.

**THIRD COUNT**
**UNFAIR COMPETITION UNDER STATE AND COMMON LAW**

23.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22.

24.    Defendant's actions discussed herein constitute unfair competition and an infringement of Plaintiff's common law rights in said marks "Baja" and "Baja Tough."

25.    Continuously since on or about August 1987 Plaintiff, through its predecessors in interest, has used the marks "Baja" and "Baja Tough" to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the marks "Baja" and "Baja Tough" on the goods, their containers, the displays associated therewith and related catalogs and publications.  Such goods and advertising have been distributed in the trade area where Defendant is doing business.  As a result of these sales and advertising by Plaintiff under the marks, the

marks have developed a secondary and distinctive trademark meaning to purchasers in Defendant's trade area.  Plaintiff's marks have come to indicate to said purchasers a meaning of automotive headlamps and related goods originating only with Plaintiff.  As a result of this association by purchasers of the marks "Baja" and "Baja Tough" with Plaintiff, Defendant's use of the mark "Baja Champions" is likely to cause confusion of such purchasers.

26.    Defendant has infringed Plaintiff's marks as alleged herein with the intent to deceive the public into believing that goods sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff.  Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiff, and with the intent to deceive and defraud the public.

27.    Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease unfair competition, as well as disgorgement of all Defendant's profits associated with this unfair competition.

**FOURTH COUNT**
**FALSE DESCRIPTION**

28.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

29.    Defendant's use of the "Baja Champions" mark is such a colorable imitation and copy of Plaintiff's trademarks established in the market for automotive headlights and auxiliary lighting products that Defendant's use thereof in the context of

7

automotive lighting products is likely to create confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Plaintiff's products.

30.     Defendant has caused goods to enter into interstate commerce with the designation "Baja Champions", resulting in a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such goods by Plaintiff.  These acts are in violation of 15 U.S.C. §1125(a), in that Defendant has used in connection with goods a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods and commercial activities by Plaintiff.

31.     Plaintiff avers that Defendant's use of the mark "Baja Champions" comprises a false description or representation of such business or products under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

**FIFTH COUNT**
**DILUTION IN VIOLATION OF FEDERAL ANTI-DILUTION STATUTE**

32.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

33.     Defendant has made commercial use of marks owned by Plaintiff in connection with goods which Defendant has used and transported in United States interstate commerce.  Defendant's acts are in violation of Lanham Act §43(c) 15 U.S.C.

§1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's famous marks "Baja" and "Baja Tough," all to the irreparable injury to and damage of Plaintiff.

34.    Defendant's acts have lessened the capacity of Plaintiff's famous marks to identify and distinguish the goods of Plaintiff. Defendant's acts have blurred the unique association which has heretofore existed between Plaintiff's marks and goods made by Plaintiff.

35.    Plaintiff's marks "Baja" and "Baja Tough" are distinctive and famous marks. The "Baja" and "Baja Tough" marks are inherently strong and distinctive, have long been used in connection with the goods on which they appear, long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, and are federally registered, as stated above. These acts of Defendant were commenced and committed from a time after Plaintiff's marks became famous.

36.    Defendant committed these acts willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of the Plaintiff's famous marks.


**SIXTH COUNT**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

37.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 36.

9

38.     Plaintiff alleges that Defendant's use of TAG's trademarks inures and creates a likelihood of injury to TAG's business reputation because persons encountering Pilot and its products will believe that Pilot is affiliated with or related to or has the approval of TAG, and any adverse reaction by the public to Pilot and the quality of its products and the nature of its business will injure the business reputation of TAG and the goodwill that it enjoys in connection with its "Baja" and "Baja Tough" trademarks.

**SEVENTH COUNT**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

39.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 38.

40.     By reason of the acts and practices set forth above, Defendant has been and is engaged in deceptive-trade practices or acts in the conduct of a business, trade or commerce, or in the furnishing of services, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 2.

41.     Defendant's use, from time to time, threatened future use, and claim of ownership of "Baja Champions" for goods and services unconnected to Plaintiff, is holding itself out as authorized users of the marks when it is not, and is holding its products out as an authorized service of Plaintiff which it is not.

42.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

43.    Unless enjoined by the Court under the provisions of Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 3, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests the following relief:

1.    Judgment in favor of Plaintiff on all counts;

2.    That Defendant Pilot Automotive and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from:

(a)    directly or indirectly using Plaintiff TAG's trademarks depicted in Exhibits A or B, or any colorable imitation thereof, on automotive lighting products;

(b)    using any trademark that imitates or is confusingly similar to or in any way similar to TAG's trademarks "Baja" or "Baja Tough", or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of TAG's products or any relationship to Defendant; and

(c)    using any mark denoting "Baja Champions" for automotive headlamps and related automotive lighting products;

3.    That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. §1116, enjoining and restraining Defendant and its agents, servants and

employees from directly or indirectly using the names "Baja" and "Baja Tough" or any other mark, word, or name, such as "Baja Champions," similar to Plaintiff's marks which is likely to cause confusion, mistake or to deceive;

4.    That this Court, pursuant to the power granted it under 15 U.S.C. §1118, order that any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the marks "Baja", "Baja Tough" and "Baja Champions" and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed;

5.    That Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

6.    That, pursuant to 15 U.S.C. §1117, Defendant be held liable for all damages suffered by TAG resulting from the acts alleged herein;

7.    That, pursuant to 15 U.S.C. §1117, Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

8.    That the Court declare this to be an exceptional case and award TAG its full costs and reasonable attorney's fees pursuant to 15 U.S.C. §1117;

9.    That this Court award Plaintiff treble the amount of actual damages suffered by Plaintiff pursuant to 15 U.S.C. §117;

10.    That the Court grant TAG any other remedy to which it may be entitled as provided for in 15 U.S.C. §§1116 and 1117 or under state law; and

11.    For such other and further relief as the Court deems just and proper.


Dated:  December 4, 2007                                   GREER, BURNS & CRAIN, LTD.


                                                    By:    s/ Lawrence J. Crain
                                                          Lawrence J. Crain
                                                          Anuj K. Wadhwa

                                                          ATTORNEYS FOR PLAINTIFF
                                                          TIGER ACCESSORY GROUP, L.L.C.


GREER, BURNS, & CRAIN, LTD.
Lawrence J. Crain (ARDC No. 6185248, lcrain@gbclaw.net)
Anuj K. Wadhwa (ARDC No. 6278650, awadhwa@gbclaw.net)
300 South Wacker Drive, Suite 2500
Chicago, IL 60606
Telephone:  (312) 360-0080
Facsimile:  (312) 360-9315

**JURY DEMAND**

   Plaintiff hereby demands a trial by jury of all issues triable before a jury.


Dated:  December 4, 2007       GREER, BURNS & CRAIN, LTD.


       By:  *s/ Lawrence J. Crain*
         Lawrence J. Crain
         Anuj K. Wadhwa

       ATTORNEYS FOR PLAINTIFF
       TIGER ACCESSORY GROUP, L.L.C.