# GREER, BURNS & CRAIN, LTD.

*Attorneys at Law*

300 SOUTH WACKER DRIVE
SUITE 2500
CHICAGO, ILLINOIS 60606-6771
TELEPHONE (312) 360-0080
FACSIMILE (312) 360-9315

WWW.GBCLAW.NET

ROGER D. GREER
PATRICK G. BURNS
LAWRENCE J. CRAIN
STEVEN P. FALLON
PAUL G. JUETTNER
JAMES K. FOLKER
B. JOE KIM
THOMAS R. FITZSIMONS
CAROLE A. MICKELSON
KEVIN W. GUYNN

JOSH C. SNIDER
BRITTANY C. MACDONALD
ARIK B. RANSON
JOSEPH P. FOX
LAURA R. WANEK
REBECCA L. PUMPHREY
CHRISTOPHER J. McGEEHAN

OF COUNSEL:
THOMAS R. JUETTNER*
JOHN W. CHESTNUT
PHILIP M. KOLEHMAINEN

SAN DIEGO OFFICE
110 WEST C STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 234-1130

*ADMITTED IN CALIFORNIA AND ILLINOIS

WRITER'S DIRECT DIAL
(312) 987-2922
WRITER'S E-MAIL ADDRESS
AWADHWA@GBCLAW.NET

December 5, 2007

<u>VIA FACSIMILE, E-MAIL & MAIL</u>

James C. Weseman
The Law Offices of James C Weseman APLC
401 West A Street, Suite 1600
San Diego, California 92101-7906

> Re:   Trademark Infringement of
>        Clean-Rite Products, Inc. Marks
>        BAJA and BAJA TOUGH
>        Our File No.: 0328.78540

Dear Jim:

A lawsuit has been commenced against your client, Pilot Automotive, Inc. and Wang's International, Inc. A copy of the complaint (including exhibits and summons) is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number 07-C-6825 before Judge Hibbler.

This is not a formal summons or notification from the court, but rather our request that you or your client sign and return the enclosed Waiver of the Service of Summons in order to save the cost of serving you or your client with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if we receive a signed copy of the waiver within 30 days of December 5, 2007, the date on which this Notice and Request is sent. Enclosed is a stamped and addressed envelope for your use. An extra copy of the Waiver is also attached for your records.

If you comply with this request and return the signed Waiver, it will be filed with the court and no summons will be served. The action will then proceed as if you or

James C. Weseman

December 5, 2007
Page 2

your client had been served on the date the waiver is filed, except that you not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

       If you do not return the signed waiver within the time indicated, we will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you (or the party on behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning duty of parties to waive the service of summons.

       We affirm that this request is being sent to you on behalf of the plaintiff, on this day December 5, 2007.

GREER, BURNS & CRAIN, LTD.

By: _____

Anuj K. Wadhwa, Esq.

AKW:aw

ATTORNEY FOR PLAINTIFF
TIGER ACCESSORY GROUP, L.L.C.

cc: Lawrence J. Crain (w/o attachments)

## WAIVER OF THE SERVICE OF SUMMONS
### CASE NO. 07-C-6825

TO:  Lawrence J. Crain, Esq.
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Dr., Ste. 2500
Chicago, Illinois 60606

I acknowledge receipt of your request that I waive service of a summons in the action of Tiger Accessory Group, L.L.C. v. Pilot Automotive, Inc. a/k/a Wang's International, Inc., which is case number 07-C-6825 in the United States District Court for the Northern District of Illinois.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I, or the entity that I represent, agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I understand that I, or the entity that I represent, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from December 5, 2007, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

_____        _____

Date                                                          Signature

                                                              _____

                                                              (Printed/typed name)

                                                              _____

                                                              (Address)

                                                              _____

                                                              (E-mail address)

                                                              _____

                                                              (Telephone Number)

## <u>Duty to Avoid Unnecessary Costs of Service of Summons</u>

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF THE SERVICE OF SUMMONS
## CASE NO. 07-C-6825

TO:  Lawrence J. Crain, Esq.
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Dr., Ste. 2500
Chicago, Illinois 60606

I acknowledge receipt of your request that I waive service of a summons in the action of Tiger Accessory Group, L.L.C. v. Pilot Automotive, Inc. a/k/a Wang's International, Inc., which is case number 07-C-6825 in the United States District Court for the Northern District of Illinois. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I, or the entity that I represent, agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I understand that I, or the entity that I represent, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from December 5, 2007, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

_____          _____
Date                                     Signature

                                         _____
                                         (Printed/typed name)

                                         _____
                                         (Address)

                                         _____
                                         (E-mail address)

                                         _____
                                         (Telephone Number)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.