UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIGER ACCESSORY GROUP, L.L.C. | Case No.  07 C 6825 |
| an Illinois Limited Liability Company, | |
| | ANSWER AND COUNTER-CLAIMS |
| | OF DEFENDANTS |
| Plaintiff, | |
| | Judge William J. Hibbler |
| v. | Magistrate Maria Valdez |
| | |
| PILOT AUTOMOTIVE, INC. a California | |
| corporation a/k/a/ WANG'S | |
| INTERNATIONAL, INC., a California | |
| corporation, | |
| | |
| Defendant. | |
| | |

Defendants, Pilot Automotive, Inc. (Pilot) and Wang's International, Inc. (Wang's)

(collectively Defendants), by their attorneys, hereby answer the Complaint of Tiger Accessory

Group, L.L.C. (hereinafter Plaintiff) as follows:

**Complaint Paragraph 1**     This is a complaint for Trademark Infringement, Unfair
Competition, and False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C.
§§1114(1) (Trademark Infringement) and §1125(a).

    **Answer**     Defendants admit that the Complaint presents allegations under 15 U.S.C.

§§1114(1) and 1125(a) but otherwise deny the allegations of paragraph 1 of the Complaint.

**Complaint Paragraph 2**     This Court has subject matter jurisdiction over this action pursuant

to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367.

**Answer**        Defendants admit the allegations of paragraph 2 of the Complaint.


**Complaint Paragraph 3**    This Court has personal jurisdiction over the Defendant Pilot because of Defendant's offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction with the expectation that they will be purchased and used by Illinois consumers in this district, and on information and belief, that Defendant derives substantial revenue from its products sold in this district.

**Answer**        Defendants admit that they sell certain products into the State of Illinois,

except that Defendants deny that any of their actions give rise to trademark infringement, unfair

competition, trademark dilution, injury to Plaintiff's business, deceptive trade practices, or any

other claim or allegation that that the Plaintiff may raise, but are otherwise without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained

in paragraph 3 of the Complaint and therefore deny such allegations contained in paragraph 3.


**Complaint Paragraph 4**    Venue is proper in this district under 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district and the Defendant regularly engages in business in this district.

**Answer**        Defendants admit that they market and sell certain products into the State

of Illinois but are without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in paragraph 4 of the Complaint and therefore deny each and every

allegation contained in paragraph 4.


**Complaint Paragraph 5**    Plaintiff Tiger Accessory Group, L.L.C. ("TAG") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 625 Barclay Blvd., Lincolnshire, Illinois 60069.

**Answer**        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore deny each and every allegation contained in paragraph 5.

**Complaint Paragraph 6**      Upon information and belief, Defendant Pilot Automotive, Inc. a/k/a Wang's International, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 768 South Turnbull Canyon Road, City of Industry, California 91745.

**Answer**        Defendants admit that Pilot is a California corporation with place of business at 768 South Turnbull Road, City of Industry, California.  As to the remaining allegations in paragraph 6, Defendants deny that Pilot is also known as Wang's International, Inc.

**Complaint Paragraph 7**      In January 2000, TAG purchased in its entirety the entire business and assets of Clean-Rite Products, L.L.C., including all goodwill, trademarks and intellectual property. In August 2001, TAG purchased in its entirety the entire business and assets of Blazer International Corp., including all goodwill, trademarks and intellectual property.

**Answer**        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore deny each and every allegation contained in paragraph 7.

**Complaint Paragraph 8**      To identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 17, 1987, applied to register the "Baja" mark with the United States Patent and Trademark Office (the "PTO"), based on a first use in commerce of on or about August 27, 1987. On May 17, 1988, the PTO approved the application and issued a Certificate of Registration No. 1,488,309. Registration No. 1,488,309 is valid and incontestable under 15 U.S.C. §1065. A copy of the registration certificate is attached as Exhibit A.

**Answer**        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore

3

deny each and every allegation contained in paragraph 8, except that Defendants admit that a copy of a purported registration certificate was attached as Exhibit A to the Complaint.

**Complaint Paragraph 9**    To further identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 11, 1987, applied to register the "Baja Tough" mark with the PTO, based on a first use in commerce of on or about August 27, 1987. On May 17, 1998, the PTO approved the application and issued a Certificate of Registration No. 1,488,304. Registration No. 1,488,304 is valid and incontestable under 15 U.S.C. §1065. A copy of the registration certificate is attached as Exhibit B.

**Answer**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny each and every allegation contained in paragraph 9, except that Defendants admit that a copy of a purported registration was attached as Exhibit B to the Complaint.

**Complaint Paragraph 10**    Plaintiff, through its predecessors in interest, has continuously since on or about 1987 used the marks "Baja" and "Baja Tough" to identify its automotive headlamps and related consumer automotive auxiliary lighting products, and to distinguish from those made and sold by others, by, among other things, prominently displaying the marks "Baja" and "Baja Tough" on Plaintiff's goods, containers and displays associated therewith. Plaintiff has built substantial goodwill in both the "Baja" and "Baja Tough" trademarks.  In addition, Plaintiff has prominently displayed said trademarks on websites, in direct mail advertising and advertising in periodicals distributed throughout the United States.

**Answer**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore deny each and every allegation contained in paragraph 10.

**Complaint Paragraph 11**    Upon information and belief, at least as early as July 2007, Defendant contracted with certain retail stores to sell and shipped [sic] automotive headlight assemblies and auxiliary lighting products bearing the mark "Baja Champions." These stores include Autozone stores located in Illinois in this district.

**Answer**    Defendants admit the allegations contained in paragraph 11.

**Complaint Paragraph 12**    Upon information and belief, Defendant made available automotive headlight assemblies and related automotive lighting products bearing the mark "Baja Champions" for sale through Defendant's website (www.pilotautomotive.com) and through a catalog, copies of relevant pages of which are attached at Exhibit C. The catalog can also be found at Defendant's website.

> **Answer**        Defendants admit the allegations contained in paragraph 12.

**Complaint Paragraph 13**    Defendant's use of said marks is without permission of authority of Plaintiff and said use by Defendant is likely to cause confusion, to cause mistake and to deceive.

> **Answer**        Defendants admit that they are using the "Baja Champions" designations in printed and stylized forms and affirmatively state that they do not need to have the permission or authority of Plaintiff to do so.   To the extent paragraph 13 of the Complaint alleges that Defendants need to have Plaintiff's permission or authority, those allegations are denied.   With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 13.

**Complaint Paragraph 14**    Defendant's conduct is willful and Defendant's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

> **Answer**        Defendants deny each and every allegation contained in paragraph 14.

**Complaint Paragraph 15**    Since on or about August 1987, Plaintiff, through its predecessors, has given notice to the public, including Defendant, that its marks are registered in the U.S. Patent and Trademark Office by displaying with the marks, "Baja" and "Baja Tough", accompanied by the "®" symbol on its products.

**Answer**        Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny each and every allegation contained in paragraph 15.

**Complaint Paragraph 16**    Since on or about July 6, 2007, Plaintiff has requested Defendant to cease and desist from it acts of trademark infringement and Plaintiff has given Defendant actual notice of Plaintiff's registration infringement and Defendant has refused to cease such acts.

**Answer**        Answering paragraph 16 of the Complaint, Defendants admit that Pilot has received a letter from Plaintiff and that such letter speaks for itself, but deny each and every remaining allegation contained in paragraph 16 as they pertain to Defendants.

**FIRST COUNT**
**TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32**

**Complaint Paragraph 17**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 16.

**Answer**        Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 16 of the Complaint.

**Complaint Paragraph 18**    Pilot's use of the "Baja Champions" brand name comprises an infringement of TAG's registered trademarks "Baja" and "Baja Tough," and is likely to cause confusion, mistake and deception of the public as to the identity and origin of TAG's goods, causing irreparable harm to TAG for which there is no adequate remedy at law.

**Answer**        Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

**Complaint Paragraph 19**   By reason of the foregoing acts, Pilot is liable to TAG for trademark infringement under Lanham Act §32 (15 U.S.C. §1114).

     **Answer**   Defendants deny each and every allegation contained in paragraph 19 of

the Complaint.


**SECOND COUNT UNFAIR
COMPETITION UNDER LANHAM ACT §43**


**Complaint Paragraph 20**   Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 19.

     **Answer**   Defendants repeat and hereby incorporate by reference, as though

expressly set forth herein, the answers to the allegations of paragraphs 1 through 19.


**Complaint Paragraph 21**   Such acts by Defendant constitute unfair competition and or infringement of Plaintiff's common law rights in the marks "Baja" and "Baja Tough."

     **Answer**   Defendants deny each and every allegation contained in paragraph 21 of

the Complaint.


**Complaint Paragraph 22**   Pilot's use of the "Baja Champions" mark to promote, market, or sell automotive lighting products in direct competition with TAG's products constitutes Unfair Competition pursuant to Lanham Act §43 (15 U.S.C. §1125(a)).  Pilot's use of the "Baja Champions" mark is likely to cause confusion, mistake, and deception among consumers. Pilot's unfair competition has caused and will continue to damage TAG and is causing irreparable ham to TAG for which there is no adequate remedy at law.

     **Answer**   Defendants deny each and every allegation contained in paragraph 22 of

the Complaint.

**THIRD COUNT**
**UNFAIR COMPETITION UNDER STATE AND COMMON LAW**

**Complaint Paragraph 23**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22.

**Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 22 of the Complaint.

**Complaint Paragraph 24**    Defendant's actions discussed herein constitute unfair competition and an infringement of Plaintiff's common law rights in said marks "Baja" and "Baja Tough".

**Answer**    Defendant's deny each and every allegation contained in paragraph 24 of the Complaint.

**Complaint Paragraph 25**    Continuously since on or about August 1987 Plaintiff, through its predecessors in interest, has used the marks "Baja" and "Baja Tough" to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the marks "Baja" and "Baja Tough" on the goods, their containers, the displays associated therewith and related catalogs and publications. Such goods and advertising have been distributed in the trade area where Defendant is doing business. As a result of these sales and advertising by Plaintiff under the marks, the marks have developed a secondary and distinctive trademark meaning to purchasers in Defendant's trade area. Plaintiff's marks have come to indicate to said purchasers a meaning of automotive headlamps and related goods originating only with Plaintiff. As a result of this association by purchasers of the marks "Baja" and "Baja Tough" with Plaintiff, Defendant's use of the mark "Baja Champions" is likely to cause confusion of such purchasers.

**Answer**    Defendants deny each and every allegation contained in paragraph 25 of the Complaint as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 25.

**Complaint Paragraph 26**     Defendant has infringed Plaintiff's marks as alleged herein with the intent to deceive the public into believing that goods sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiff, and with the intent to deceive and defraud the public.

**Answer**     Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

**Complaint Paragraph 27**     Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease unfair competition, as well as disgorgement of all Defendant's profits associated with this unfair competition.

**Answer**     Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

## FOURTH COUNT
## FALSE DESCRIPTION

**Complaint Paragraph 28**     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

**Answer**     Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 27.

**Complaint Paragraph 29**     Defendant's use of the "Baja Champions" mark is such a colorable imitation and copy of Plaintiff's trademarks established in the market for automotive headlights and auxiliary lighting products that Defendant's use thereof in the context of automotive lighting products is likely to create confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Plaintiff's products.

**Answer**     Defendants deny each and every allegation contained in paragraph 29 of the Complaint.

**Complaint Paragraph 30**     Defendant has caused goods to enter into interstate commerce with the designation "Baja Champions", resulting in a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such goods by Plaintiff. These acts are in violation of 15 U.S.C. §1125(a), in that Defendant has used in connection with goods a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods and commercial activities by Plaintiff.

**Answer**     Defendants deny each and every allegation contained in paragraph 30 as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 30 of the Complaint.

**Complaint Paragraph 31**     Plaintiff avers that Defendant's use of the mark "Baja Champions" comprises a false description or representation of such business or products under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

**Answer**     Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

**FIFTH COUNT**
**DILUTION IN VIOLATION OF FEDERAL ANTI-DILUTION STATUTE**

**Complaint Paragraph 32**   Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

**Answer**     Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 31.

**Complaint Paragraph 33**    Defendant has made commercial use of marks owned by Plaintiff in connection with goods which Defendant has used and transported in United States interstate commerce. Defendant's acts are in violation of Lanham Act §43(c) 15 U.S.C. §1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's famous marks "Baja" and "Baja Tough," all to the irreparable injury to and damage of Plaintiff.

**Answer**    Defendants deny each and every allegation contained in paragraph 33 as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 33 of the Complaint.

**Complaint Paragraph 34**    Defendant's acts have lessened the capacity of Plaintiff's famous marks to identify and distinguish the goods of Plaintiff.  Defendant's acts have blurred the unique association, which has heretofore existed between Plaintiff's marks and goods made by Plaintiff.

**Answer**    Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

**Complaint Paragraph 35**    Plaintiff's marks "Baja" and "Baja Tough" are distinctive and famous marks. The "Baja" and "Baja Tough" marks are inherently strong and distinctive, have long been used in connection with the goods on which they appear, long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, and are federally registered, as stated above. These acts of Defendant were commenced and committed from a time after Plaintiff's marks became famous.

**Answer**    Defendants deny each and every allegation contained in paragraph 35 as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 35 of the Complaint.

**Complaint Paragraph 36**    Defendant committed these acts willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of the Plaintiff's famous marks.

    **Answer**    Defendants deny each and every allegation contained in paragraph 36 of the Complaint.


**SIXTH COUNT**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

**Complaint Paragraph 37**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 36.

    **Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 36 of the Complaint.


**Complaint Paragraph 38**    Plaintiff alleges that Defendant's use of TAG's trademarks inures [sic] and creates a likelihood of injury to TAG's business reputation because persons encountering Pilot and its products will believe that Pilot is affiliated with or related to or has the approval of TAG, and any adverse reaction by the public to Pilot and the quality of its products and the nature of its business will injure the business reputation of TAG and the goodwill that it enjoys in connection with its "Baja" and "Baja Tough" trademarks.

    **Answer**    Defendants deny each and every allegation contained in paragraph 38 of the Complaint.


**SEVENTH COUNT**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

**Complaint Paragraph 39**:  Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 38.

    **Answer**    Defendants repeat and hereby incorporate by reference, as though

expressly set forth herein, the answers to the allegations of paragraphs 1 through 38 of the

Complaint.


**Complaint Paragraph 40**    By reason of the acts and practices set forth above, Defendant has been and is engaged in deceptive-trade [sic] practices or acts in the conduct of a business, trade or commerce, or in the furnishing of services, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 2.

**Answer**        Defendants deny each and every allegation contained in paragraph 40 of

the Complaint.


**Complaint Paragraph 41**    Defendant's use, from time to time, threatened future use, and claim of ownership of "Baja Champions" for goods and services unconnected to Plaintiff, is holding itself out as authorized users of the marks when it is not, and is holding its products out as an authorized service of Plaintiff which it is not.

**Answer**        Defendants are uncertain as to the intent of paragraph 41 of the Complaint

because that paragraph is not a sentence.  To the extent paragraph 41 can be understood,

Defendants deny each and every allegation contained in paragraph 41 as each pertains to

Defendants.  With respect to the remaining allegations, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained therein, and

upon that basis Defendants deny each and every such allegation contained in paragraph 41 of the

Complaint.


**Complaint Paragraph 42**    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

**Answer**        Defendants deny each and every allegation contained in paragraph 42 of

the Complaint.

13

**Complaint Paragraph 43**   Unless enjoined by the Court under the provisions of Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 3, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

**Answer**        Defendants deny each and every allegation contained in paragraph 43 of the Complaint.


## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

44.    This court lacks personal jurisdiction over Defendants.

### Second Affirmative Defense

45.    On information and belief, Plaintiff lacks standing to bring the claims made in the Complaint.

### Third Affirmative Defense

46.    Plaintiff's unreasonable delay in filing this action constitutes laches and has prejudiced Defendants.

### Fourth Affirmative Defense

47.    Plaintiff and/or predecessors in interest to the "Baja" and "Baja Tough" marks have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which Plaintiff is estopped to assert any claims or demands against Defendants.

### Fifth Affirmative Defense

48.    Plaintiff and/or predecessors in interest to the "Baja" and "Baja Tough" marks have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which Plaintiff has waived any claims or demands against Defendants.

### Sixth Affirmative Defense

49.     Plaintiff is barred from asserting claims for relief by the doctrine of unclean hands.

### Seventh Affirmative Defense

50.     On information and belief, the mark "Baja," subject of U.S. Trademark Registration No. 1,488,309, is not a famous or well-known trademark.

### Eighth Affirmative Defense

51.     On information and belief, the mark "Baja Tough," subject of U.S. Trademark Registration No. 1,488,304, is not a famous or well-known trademark.

### Ninth Affirmative Defense

52.     On information and belief, U.S. Trademark Registration No. 1,488,309 is invalid for failure to comply with the provisions of 15 U.S.C. §§1051 *et seq.* and the common law.

### Tenth Affirmative Defense

53.      On information and belief, U.S. Trademark Registration No. 1,488,304 is invalid for failure to comply with the provisions of 15 U.S.C. §§1051 *et seq.* and the common law.

### Eleventh Affirmative Defense

54.     None of Defendants' activities infringe, or have infringed, any rights Plaintiff might claim in U.S. Trademark Registration No. 1,488,309.

### Twelfth Affirmative Defense

55.     None of Defendants' activities infringe, or have infringed any rights Plaintiff might claim in U.S. Trademark Registration No. 1,488,304.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief prayed for, or any relief, and therefore prays that Plaintiff's Complaint be dismissed in its entirety with costs and attorneys' fees awarded to Defendants.

## COUNTER-CLAIM

1.      These counter-claims are asserted against Plaintiff/Counter-Defendant, Tiger Accessory Group L.L.C. (Plaintiff), and arise under the Trademark Act, 15 U.S.C. §1051 *et seq*., and, therefore, are asserted through the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As a result of the Complaint filed by Plaintiff against Defendants, there is currently an actual controversy between the parties.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1338.

2.      Venue properly lies in this judicial district under the provisions of 28 U.S.C. §§1391.

## Count 1 – Declaratory Judgment

3.      There is a justiciable controversy concerning the validity and infringement of U.S. Trademark Registration No. 1,488,309, and any rights claimed in the "Baja" mark identified therein under state and common law as set forth in the Complaint and the Answer to which this counter-claim is appended.

4.      Plaintiff has asserted that U.S. Trademark Registration No. 1,488,309 was duly and legally issued, that it has accrued rights in the "Baja" mark identified therein under state and common law and that Defendants mark when applied to automotive lighting products infringes such rights.

5.      Defendants allege, on information and belief, that U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff

under federal, state and/or common law are invalid as failing to comply with the provisions of 15 U.S.C. §§1051 *et seq*. and the common law.

6.     Defendants have not infringed nor are they now infringing U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law.

7.     On in formation and belief, U.S. Trademark Registration No. 1,488,309 is unenforceable due to the actions or inactions of Plaintiff and/or its predecessors.

8.     Therefore, there exists an actual controversy between the parties as to the validity and infringement of U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law, with respect to which Defendants requests a declaratory judgment in its favor.

### Count 2 – Declaratory Judgment

9.     There is a justiciable controversy concerning the validity and infringement of U.S. Trademark Registration No. 1,488,304, and any rights claimed in the "Baja Tough" mark identified therein under state and common law as set forth in the Complaint and the Answer to which this counter-claim is appended.

10.     Plaintiff has asserted that U.S. Trademark Registration No. 1,488,304 was duly and legally issued, that it has accrued rights in the "Baja Tough" mark identified therein under state and common law and that Defendants mark when applied to automotive lighting products infringes such rights.

11.     Defendants allege, on information and belief, that U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by

Plaintiff under federal, state and/or common law are invalid as failing to comply with the provisions of 15 U.S.C. §§1051 *et seq*. and the common law.

12.    Defendants have not infringed nor are they infringing U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law.

13.    On information and belief, U.S. Trademark Registration No. 1,488,309 is unenforceable due to the actions or inactions of Plaintiff and/or its predecessors.

.    14.    Therefore, there exists an actual controversy between the parties as to the validity and infringement of U.S. Trademark Registration No. 1,488,304 and any rights in the mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law, with respect to which Defendants requests a declaratory judgment in its favor.

WHEREFORE, Defendants and Counter-Claimants pray for relief as follows:

(a)    That the Complaint be dismissed with prejudice as to Defendants and that judgment be awarded in favor of Defendants;

(b)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are not infringed by Defendants;

(c)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are not infringed by Defendants;

(d)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid, void and/or unenforceable;

(e)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid, void and/or unenforceable;

(f)    That this Court enter judgment in Defendants favor and declare that this is an exceptional case under 15 U.S.C. §1117 and award Defendants their reasonable attorneys' fees as prevailing party;

(g)    That this Court enter an assessment of costs against Plaintiff; and

(h)    That Defendants be awarded such other and further relief as to which Defendants may show themselves to be entitled.

Dated: February 11, 2008                    PILOT AUTOMOTIVE, INC. and
                                            WANG'S INTERNATIONAL, INC.


                                            s/Donald W. Rupert
                                            Donald W. Rupert
                                            (drupert@marshallip.com)
                                            Michael R. Graham
                                            (mgraham@marshallip.com)
                                            Scott A. Sanderson
                                            (ssanderson@marshallip.com)

                                            MARSHALL, GERSTEIN & BORUN LLP
                                            233 South Wacker Drive
                                            Suite 6300
                                            Chicago, Illinois 60606
                                            Telephone: (312) 474-6300
                                            Facsimile: (312) 474-0448

                                            Local Counsel for Defendants,
                                            PILOT AUTOMOTIVE, INC. and
                                            WANG'S INTERNATIONAL, INC.


Of Counsel:

James C. Weseman
LAW OFFICES OF JAMES C. WESEMAN, APLC
401 West A Street, Suite 1600
San Diego, CA  92101-7906
Telephone:  619.531.0950
Facsimile:  619.531.0999
jweseman@pacbell.net


1047351


20

<u>CERTIFICATE OF SERVICE</u>

I, Donald W. Rupert, on the 11th day of February, 2008, electronically filed the Answer and Counter-Claims of Defendants on behalf of Pilot Automotive, Inc. a/k/a Wang's International, Inc. with the United States District Court for the Northern District of Illinois which will also send electronic notification to each of the following:

> Lawrence J. Crain
> lcrain@gbclaw.net
> Anuj K. Wadhwa
> awadjwa@gbclaw.net
> Greer, Burns & Crain, LTd.
> 300 South Wacker Drive
> Suite 2500
> Chicago, IL  60606


<u>s/Donald W. Rupert</u>