UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIGER ACCESSORY GROUP, L.L.C. an Illinois Limited Liability Company, | ) ) ) | Case No.  07 C 6825 |
| Plaintiff, | ) ) ) | **AMENDED ANSWER AND COUNTER-CLAIMS OF DEFENDANTS** |
| v. | ) ) ) | Judge William J. Hibbler Magistrate Maria Valdez |
| PILOT AUTOMOTIVE, INC. a California Corporation | ) ) ) | |
| and | ) ) | **JURY TRIAL DEMANDED** |
| WANG'S INTERNATIONAL, INC., a California corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendants, Pilot Automotive, Inc. ("Pilot") and Wang's International, Inc. ("Wang's") (collectively "Defendants"), by their attorneys, hereby answer the Amended Complaint of Tiger Accessory Group, L.L.C. (hereinafter "Plaintiff") as follows:

**Amended Complaint Paragraph 1** This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C. §§1114(1) and §1125(a).

**Amended Answer** Defendants admit that the Amended Complaint presents allegations under 15 U.S.C. §§1114(1) and 1125(a) but otherwise deny the allegations of paragraph 1 of the Amended Complaint.

**Amended Complaint Paragraph 2**  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367.

**Amended Answer**    Defendants admit the allegations of paragraph 2 of the Amended Complaint.

**Amended Complaint Paragraph 3**  This Court has personal jurisdiction over the Defendants because of Defendants' offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction with the expectation that they will be purchased and used by Illinois consumers in this district, and on information and belief, that Defendants derive substantial revenue from their products sold in this district.

**Amended Answer**    Defendants admit that they sell certain products into the State of Illinois.  However, Defendants deny that any of their actions constitute or give rise to trademark infringement, unfair competition, trademark dilution, deceptive trade practices, or have caused or will cause any injury to Plaintiff or its business and otherwise deny that they have violated any rights of Plaintiff.  Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Amended Complaint and therefore deny such allegations.

**Amended Complaint Paragraph 4**  Venue is proper in this district under 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district and the Defendants regularly engage in business in this district.

**Amended Answer**    Defendants admit that they market and sell certain products into the State of Illinois but are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 4.

**Amended Complaint Paragraph 5**  Plaintiff is, and at all times mentioned herein was, a limited

liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 625 Barclay Blvd., Lincolnshire, Illinois 60069.

**Amended Answer**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 5.

**Amended Complaint Paragraph 6**  Upon information and belief, Defendants Pilot and Wang's are, and at all times mentioned herein have been, corporations organized and existing under the laws of the State of California.  Both corporations have their principal place of business at 768 South Turnbull Canyon Road, City of Industry, California 91745.

**Amended Answer**    Defendants admit that Pilot and Wang's are California corporations with places of business at 768 South Turnbull Road, City of Industry, California.

**Amended Complaint Paragraph 7**  In January 2000, TAG purchased in its entirety the entire business and assets of Clean-Rite Products, L.L.C., including all goodwill, trademarks and intellectual property. In August 2001, TAG purchased in its entirety the entire business and assets of Blazer International Corp., including all goodwill, trademarks and intellectual property.

**Amended Answer**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 7.

**Amended Complaint Paragraph 8**  To identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 17, 1987, applied to register the "Baja" mark with the United States Patent and Trademark Office (the "PTO"), based on a first use in commerce of on or about August 27, 1987. On May 17, 1988, the PTO approved the application and issued a Certificate of Registration No. 1,488,309. Registration No. 1,488,309 is valid and incontestable under 15 U.S.C. §1065. A copy of the registration certificate is attached as Exhibit A.

**Amended Answer**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended

Complaint and therefore deny each and every allegation contained in paragraph 8, except that Defendants admit that a copy of a purported registration certificate was attached as Exhibit A to the Amended Complaint.

**Amended Complaint Paragraph 9** To further identify its automotive lighting products to its customers, Blazer International Corp., created and, on September 11, 1987, applied to register the "Baja Tough" mark with the PTO, based on a first use in commerce of on or about August 27, 1987. On May 17, 1998, the PTO approved the application and issued a Certificate of Registration No. 1,488,304. Registration No. 1,488,304 is valid and incontestable under 15 U.S.C. §1065. A copy of the registration certificate is attached as Exhibit B.

    **Amended Answer** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 9, except that Defendants admit that a copy of a purported registration was attached as Exhibit B to the Amended Complaint.

**Amended Complaint Paragraph 10**    Plaintiff, through its predecessors in interest, has continuously since on or about 1987 used the marks "Baja" and "Baja Tough" to identify its automotive headlamps and related consumer automotive auxiliary lighting products, and to distinguish from those made and sold by others, by, among other things, prominently displaying the marks "Baja" and "Baja Tough" on Plaintiff's goods, containers and displays associated therewith. Plaintiff has built substantial goodwill in both the "Baja" and "Baja Tough" trademarks.  In addition, Plaintiff has prominently displayed said trademarks on websites, in direct mail advertising and advertising in periodicals distributed throughout the United States.

    **Amended Answer** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 10.

**Amended Complaint Paragraph 11**    Upon information and belief, at least as early as July 2007, Defendants contracted with certain retail stores to sell and ship automotive headlight

assemblies and auxiliary lighting products bearing the mark "Baja Champions." These stores include Autozone stores located in Illinois in this district.

 **Amended Answer**  Defendants admit the allegations contained in paragraph 11.

**Amended Complaint Paragraph 12**  Upon information and belief, Defendants made available automotive headlight assemblies and related automotive lighting products bearing the mark "Baja Champions" for sale through Defendants' website (www.pilotautomotive.com) and through a catalog, copies of relevant pages of which are attached at Exhibit C. The catalog can also be found at Defendants' website.

 **Amended Answer**  Defendants admit the allegations contained in paragraph 12.

**Amended Complaint Paragraph 13**  Defendants' use of said marks is without permission of authority of Plaintiff and said use by Defendants is likely to cause confusion, mistake and to deceive.

 **Amended Answer**  Defendants admit that they are using the "Baja Champions" designations in printed and stylized forms and affirmatively state that they do not need to have the permission or authority of Plaintiff to do so.  To the extent paragraph 13 of the Amended Complaint alleges that Defendants need to have Plaintiff's permission or authority, those allegations are denied.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 13.

**Amended Complaint Paragraph 14**  Defendants' conduct is willful and Defendants' acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

 **Amended Answer**  Defendants deny each and every allegation contained in paragraph 14.

**Amended Complaint Paragraph 15**     Since on or about August 1987, Plaintiff, through its predecessors, has given notice to the public, including Defendants, that its marks are registered in the U.S. Patent and Trademark Office by displaying the marks, "Baja" and "Baja Tough", accompanied by the "®" symbol on its products.

**Amended Answer**     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore deny each and every allegation contained in paragraph 15.

**Amended Complaint Paragraph 16**     Since on or about July 6, 2007, Plaintiff has requested Defendants to cease and desist from their acts of trademark infringement, Plaintiff has given Defendants actual notice of Plaintiff's registration and Defendants' infringement, and Defendants have refused to cease such acts.

**Amended Answer**     Answering paragraph 16 of the Amended Complaint, Defendants admit that Pilot has received a letter from Plaintiff and that such letter speaks for itself, but deny each and every remaining allegation contained in paragraph 16 as they pertain to Defendants.

## FIRST COUNT
## TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32

**Amended Complaint Paragraph 17**     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 16.

**Amended Answer**     Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 16 of the Amended Complaint.

**Amended Complaint Paragraph 18**     Defendants' use of the "Baja Champions" brand name comprises an infringement of Plaintiff's registered trademarks "Baja" and "Baja Tough," and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 18 of the Amended Complaint.

**Amended Complaint Paragraph 19**    By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under Lanham Act §32 (15 U.S.C. §1114).

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 19 of the Amended Complaint.

## SECOND COUNT UNFAIR
## COMPETITION UNDER LANHAM ACT §43

**Amended Complaint Paragraph 20**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 19.

**Amended Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 19.

**Amended Complaint Paragraph 21**    Such acts by Defendants constitute unfair competition and or infringement of Plaintiff's common law rights in the marks "Baja" and "Baja Tough."

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 21 of the Amended Complaint.

**Amended Complaint Paragraph 22**    Defendants' use of the "Baja Champions" mark to promote, market, or sell automotive lighting products in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to Lanham Act §43 (15 U.S.C. §1125(a)). Defendants' use of the "Baja Champions" mark is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to damage Plaintiff and is causing irreparable ham to Plaintiff for which there is no adequate remedy at law.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 22 of the Amended Complaint.

7

## THIRD COUNT
## UNFAIR COMPETITION UNDER STATE AND COMMON LAW

**Amended Complaint Paragraph 23**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22.

**Amended Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 22 of the Amended Complaint.

**Amended Complaint Paragraph 24**    Defendants' actions discussed herein constitute unfair competition and an infringement of Plaintiff's common law rights in said marks "Baja" and "Baja Tough".

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 24 of the Amended Complaint.

**Amended Complaint Paragraph 25**    Continuously since on or about August 1987, Plaintiff, through its predecessors in interest, has used the marks "Baja" and "Baja Tough" to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the marks "Baja" and "Baja Tough" on the goods, their containers, the displays associated therewith and related catalogs and publications. Such goods and advertising have been distributed in the trade area where Defendants are doing business. As a result of these sales and advertising by Plaintiff under the marks, the marks have developed a secondary and distinctive trademark meaning to purchasers in Defendants' trade area. Plaintiff's marks have come to indicate to said purchasers a meaning of automotive headlamps and related goods originating only with Plaintiff. As a result of this association by purchasers of the marks "Baja" and "Baja Tough" with Plaintiff, Defendants' use of the mark "Baja Champions" is likely to cause confusion of such purchasers.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 25 of the Amended Complaint as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the

truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 25.

**Amended Complaint Paragraph 26**     Defendants have infringed Plaintiff's marks as alleged herein with the intent to deceive the public into believing that goods sold by Defendants are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendants' acts as alleged herein were committed with the intent to pass off and palm off Defendants' goods as the goods of Plaintiff, and with the intent to deceive and defraud the public.

**Amended Answer**     Defendants deny each and every allegation contained in paragraph 26 of the Amended Complaint.

**Amended Complaint Paragraph 27**     Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease unfair competition, as well as disgorgement of all Defendants' profits associated with this unfair competition.

**Amended Answer**     Defendants deny each and every allegation contained in paragraph 27 of the Amended Complaint.

## FOURTH COUNT
## FALSE DESCRIPTION

**Amended Complaint Paragraph 28**     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

**Amended Answer**     Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 27.

**Amended Complaint Paragraph 29**     Defendants' use of the "Baja Champions" mark is such a colorable imitation and copy of Plaintiff's trademarks established in the market for automotive headlights and auxiliary lighting products that Defendants' use thereof in the context of automotive lighting products is likely to create confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Plaintiff's products.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 29 of the Amended Complaint.

**Amended Complaint Paragraph 30**    Defendants have caused goods to enter into interstate commerce with the designation "Baja Champions", resulting in a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of such goods by Plaintiff. These acts are in violation of 15 U.S.C. §1125(a), in that Defendants have used in connection with goods a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' goods and commercial activities by Plaintiff.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 30 as each pertains to Defendants.  With respect to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and upon that basis Defendants deny each and every such allegation contained in paragraph 30 of the Amended Complaint.

**Amended Complaint Paragraph 31**    Plaintiff avers that Defendants' use of the mark "Baja Champions" comprises a false description or representation of such business or products under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

**Amended Answer**    Defendants deny each and every allegation contained in paragraph 31 of the Amended Complaint.


# FIFTH COUNT
## DILUTION IN VIOLATION OF FEDERAL ANTI-DILUTION STATUTE

**Amended Complaint Paragraph 32**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

**Amended Answer**     Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 31.

**Amended Complaint Paragraph 33**     Defendants have made commercial use of marks owned by Plaintiff in connection with goods which Defendants have used and transported in United States interstate commerce. Defendants' acts are in violation of Lanham Act §43(c) 15 U.S.C. §1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's famous marks "Baja" and "Baja Tough," all to the irreparable injury to and damage of Plaintiff.

**Amended Answer**     Defendants deny each and every such allegation contained in paragraph 33 of the Amended Complaint.

**Amended Complaint Paragraph 34**     Defendants' acts have lessened the capacity of Plaintiff's famous marks to identify and distinguish the goods of Plaintiff.  Defendants' acts have blurred the unique association which has heretofore existed between Plaintiff's marks and goods made by Plaintiff.

**Amended Answer**     Defendants deny each and every allegation contained in paragraph 34 of the Amended Complaint.

**Amended Complaint Paragraph 35**     Plaintiff's marks "Baja" and "Baja Tough" are distinctive and famous marks. The "Baja" and "Baja Tough" marks are inherently strong and distinctive, have long been used in connection with the goods on which they appear, long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, and are federally registered, as stated above. These acts of Defendants were commenced and committed from a time after Plaintiff's marks became famous.

**Amended Answer**     Defendants deny each and every allegation contained in paragraph 35 of the Amended Complaint.

**Amended Complaint Paragraph 36**     Defendants committed these acts willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of the Plaintiff's famous

marks.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph

36 of the Amended Complaint.

## SIXTH COUNT
## COMMON LAW INJURY TO BUSINESS REPUTATION

**Amended Complaint Paragraph 37**    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 36.

**Amended Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 36 of the Amended Complaint.

**Amended Complaint Paragraph 38**    Plaintiff alleges that Defendants' use of Plaintiff's trademarks injures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Defendants and their products will believe that Defendants are affiliated with or related to or has the approval of Plaintiff, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its "Baja" and "Baja Tough" trademarks.

**Amended Answer**    Defendants deny each and every allegation contained in paragraph

38 of the Amended Complaint.

## SEVENTH COUNT
## COMMON LAW INJURY TO BUSINESS REPUTATION

**Amended Complaint Paragraph 39** :    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 38.

**Amended Answer**    Defendants repeat and hereby incorporate by reference, as though expressly set forth herein, the answers to the allegations of paragraphs 1 through 38 of the

Amended Complaint.

**Amended Complaint Paragraph 40**      By reason of the acts and practices set forth above, Defendants have been and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or in the furnishing of services, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 2.

   **Amended Answer**    Defendants deny each and every allegation contained in paragraph

40 of the Amended Complaint.

**Amended Complaint Paragraph 41**      Defendants' use, from time to time, threatened future use, and claim of ownership of "Baja Champions" for goods and services unconnected to Plaintiff, is reflective of Defendants holding themselves out as authorized users of the marks when they are not.

   **Amended Answer**    Defendants deny each and every allegation contained in paragraph

41 of the Amended Complaint.

**Amended Complaint Paragraph 42**      The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

   **Amended Answer**    Defendants deny each and every allegation contained in paragraph

42 of the Amended Complaint.

**Amended Complaint Paragraph 43**      Unless enjoined by the Court under the provisions of Uniform Deceptive Trade Practices Act of the State of Illinois, 815 I.L.C.S. 510, Sec. 3, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

   **Amended Answer**    Defendants deny each and every allegation contained in paragraph

43 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to Plaintiff's Amended Complaint:

### First Affirmative Defense

44.     This court lacks personal jurisdiction over Defendants.

### Second Affirmative Defense

45.     On information and belief, Plaintiff lacks standing to bring the claims made in the Amended Complaint.

### Third Affirmative Defense

46.     Plaintiff's unreasonable delay in filing this action constitutes laches and has prejudiced Defendants.

### Fourth Affirmative Defense

47.     Plaintiff and/or the predecessors in interest to the "Baja" and "Baja Tough" marks have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which Plaintiff is estopped to assert any claims or demands against Defendants.

### Fifth Affirmative Defense

48.     Plaintiff and/or the predecessors in interest to the "Baja" and "Baja Tough" marks have engaged in conduct and activities with respect to the subject matter of this dispute by reason of which Plaintiff has waived any claims or demands against Defendants.

### Sixth Affirmative Defense

49.     Plaintiff is barred from asserting claims for relief by the doctrine of unclean hands.

### Seventh Affirmative Defense

50.    On information and belief, the mark "Baja," subject of U.S. Trademark Registration No. 1,488,309, is not a famous or well-known trademark.

### Eighth Affirmative Defense

51.    On information and belief, the mark "Baja Tough," subject of U.S. Trademark Registration No. 1,488,304, is not a famous or well-known trademark.

### Ninth Affirmative Defense

52.    On information and belief, U.S. Trademark Registration No. 1,488,309 is invalid for failure to comply with the provisions of 15 U.S.C. §§1051 *et seq.*  Plaintiff does not have protectable and enforceable rights in the mark "Baja" either under U.S. Trademark Registration No. 1,488,309 or the common law.

### Tenth Affirmative Defense

53.    On information and belief, U.S. Trademark Registration No. 1,488,304 is invalid for failure to comply with the provisions of 15 U.S.C. §§1051 *et seq.*  Plaintiff does not have protectable and enforceable rights in the mark "Baja Tough" either under U.S. Trademark Registration No. 1,488,304 or the common law.

### Eleventh Affirmative Defense

54.    None of Defendants' activities infringe, or have infringed, any rights Plaintiff might claim in U.S. Trademark Registration No. 1,488,309.

### Twelfth Affirmative Defense

55.    None of Defendants' activities infringe, or have infringed any rights Plaintiff might claim in U.S. Trademark Registration No. 1,488,304.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief prayed for, or any relief, and therefore prays that Plaintiff's Amended Complaint be dismissed in its entirety with costs and attorneys' fees awarded to Defendants.

## COUNTER-CLAIM

1.     These counter-claims are asserted against Plaintiff/Counter-Defendant, Tiger Accessory Group L.L.C. (Plaintiff), and arise under the Trademark Act, 15 U.S.C. §1051 *et seq.*, and, therefore, are asserted through the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As a result of the Amended Complaint filed by Plaintiff against Defendants, there is currently an actual controversy between the parties.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1338.

2.     Venue properly lies in this judicial district under the provisions of 28 U.S.C. §1391.

### Count 1 – Declaratory Judgment -- U.S. Trademark Registration No. 1,488,309

3.     There is a justiciable controversy concerning the validity and infringement of U.S. Trademark Registration No. 1,488,309, and any rights claimed in the "Baja" mark identified therein under state and common law as set forth in the Amended Complaint and the Amended Answer to which this counter-claim is appended.

4.     Plaintiff has asserted that U.S. Trademark Registration No. 1,488,309 was duly and legally issued, that it has accrued rights in the "Baja" mark identified therein under state and common law and that Defendants' use of "Baja Champions" when applied to automotive lighting products infringes such rights.

5.    On information and belief, U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid as failing to comply with the provisions of 15 U.S.C. §§1051 *et seq.* and/or the common law.

6.    Defendants have not infringed nor are they now infringing U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law.

7.    On in formation and belief, U.S. Trademark Registration No. 1,488,309 is unenforceable due to the actions or inactions of Plaintiff and/or its predecessors.

8.    Therefore, there exists an actual controversy between the parties as to the validity and infringement of U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law, with respect to which Defendants requests a declaratory judgment in its favor.

**Count 2 – Declaratory Judgment -- U.S. Trademark Registration No. 1,488,304**

9.    There is a justiciable controversy concerning the validity and infringement of U.S. Trademark Registration No. 1,488,304, and any rights claimed in the "Baja Tough" mark identified therein under state and common law as set forth in the Amended Complaint and the Amended Answer to which this counter-claim is appended.

10.    Plaintiff has asserted that U.S. Trademark Registration No. 1,488,304 was duly and legally issued, that it has accrued rights in the "Baja Tough" mark identified therein under state and common law and that Defendants' use of "Baja Champions" when applied to automotive lighting products infringes such rights.

11.     On information and belief, U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid as failing to comply with the provisions of 15 U.S.C. §§1051 *et seq.* and/or the common law.

12.     Defendants have not infringed nor are they infringing U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law.

13.     On information and belief, U.S. Trademark Registration No. 1,488,309 is unenforceable due to the actions or inactions of Plaintiff and/or its predecessors.

.     14.     Therefore, there exists an actual controversy between the parties as to the validity and infringement of U.S. Trademark Registration No. 1,488,304 and any rights in the mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law, with respect to which Defendants requests a declaratory judgment in its favor.


WHEREFORE, Defendants and Counter-Claimants pray for relief as follows:

(a)     That the Amended Complaint be dismissed with prejudice as to Defendants and that judgment be awarded in favor of Defendants;

(b)     That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are not infringed by Defendants;

(c)     That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are not infringed by Defendants;

(d)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,309 and any rights in the "Baja" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid, void and/or unenforceable;

(e)    That this Court enter a judgment and declare that U.S. Trademark Registration No. 1,488,304 and any rights in the "Baja Tough" mark identified therein allegedly accrued by Plaintiff under federal, state and/or common law are invalid, void and/or unenforceable;

(f)    That this Court direct the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 1,488,304 and U.S. Trademark Registration No. 1,488,309.

(g)    That this Court enter judgment in Defendants favor and declare that this is an exceptional case under 15 U.S.C. §1117 and award Defendants their reasonable attorneys' fees as prevailing party;

(h)    That this Court enter an assessment of costs against Plaintiff; and

(i)    That Defendants be awarded such other and further relief as to which Defendants may show themselves to be entitled.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury for all matters that are properly the subject of a jury trial.

Dated: March 14, 2008

PILOT AUTOMOTIVE, INC. and
WANG'S INTERNATIONAL, INC.

s/Donald W. Rupert
Donald W. Rupert
(drupert@marshallip.com)
Michael R. Graham
(mgraham@marshallip.com)
Scott A. Sanderson
(ssanderson@marshallip.com)

MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
Suite 6300
Chicago, Illinois 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Local Counsel for Defendants,
PILOT AUTOMOTIVE, INC. and
WANG'S INTERNATIONAL, INC.

Of Counsel:

James C. Weseman
LAW OFFICES OF JAMES C. WESEMAN, APLC
401 West A Street, Suite 1600
San Diego, CA  92101-7906
Telephone:  619.531.0950
Facsimile:  619.531.0999
jweseman@pacbell.net

1047351

<u>CERTIFICATE OF SERVICE</u>

I, Donald W. Rupert, hereby certify that on the 14th day of March, 2008, I electronically

filed the Amended Answer and Counter-Claims of Defendants on behalf of Pilot Automotive,

Inc. and Wang's International, Inc. with the United States District Court for the Northern District

of Illinois using the ECF system, which will send notification of such filings to the following:

> Lawrence J. Crain
> lcrain@gbclaw.net
> Anuj K. Wadhwa
> awadjwa@gbclaw.net
> Greer, Burns & Crain, Ltd.
> 300 South Wacker Drive
> Suite 2500
> Chicago, IL  60606

<u>s/Donald W. Rupert</u>