UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIGER ACCESSORY GROUP, L.L.C. )<br>an Illinois Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PILOT AUTOMOTIVE, INC. a California )<br>Corporation )<br>)<br>and )<br>)<br>WANG'S INTERNATIONAL, INC., a )<br>California Corporation, )<br>)<br>Defendants. ) | Case No. 07 C 6825<br><br>Judge William J. Hibbler<br>Magistrate Maria Valdez |

**STIPULATED PROTECTIVE ORDER**

Tiger Accessory Group, L.L.C. ("TAG"), Pilot Automotive, Inc. ("Pilot"), and Wang's International, Inc. ("Wang's"), collectively referred to as the Parties, hereby stipulate and agree, through their attorneys, to the entry of this Stipulated Protective Order ("Order"), which shall govern the use, dissemination and disclosure of certain information and documents and materials described below, including any information contained in such documents and materials, which are obtained by the Parties during the course of this action. The Parties agree as follows:

**A.    Scope of Order**

This Order shall apply to all information, documents, and things owned, in the possession of, or controlled by the Parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, or licensees of either Party, or of any other Party added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions

upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

**B.     Definitions**

1.     As used in this Order, "*Confidential*" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing Party contends could cause harm to its business operations or the business operations of a Party in privity with the disclosing Party, or provide improper advantage to others.

2.     As used in this Order, "*Confidential—Attorneys Eyes Only*" Information and Materials shall include all Information and Materials that the disclosing Party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving Party, or to the public, lead to a harm or injury to the reputation and/or business of the disclosing Party or a Party in privity with the disclosing Party, or provide improper advantage to others. "*Confidential—Attorneys Eyes Only*" Information and Materials may include trade secrets within the meaning of the Uniform Trade Secrets Act and non-public information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) confidential agreements, (5) technical details of products or methods of doing business, (6) manufacturers and/or suppliers, and/or corporate information, such as relating to mergers, acquisitions, and/or asset purchases. "*Confidential—Attorneys Eyes Only*" Information and Materials is a subcategory of "*Confidential*" Information and Materials as defined above in Paragraph B.1. and shall not include any information and/or materials that has been made public, provided such public disclosure was not unlawful or not the fault of the receiving Party.

**C.     Marking Requirements**

1.     Each page of all Information and Materials deemed *Confidential* or *Confidential—Attorneys Eyes Only* shall be so identified and labeled by the producing Party.

2. If qualified Information and Materials cannot be labeled, they shall be designated as *Confidential* or *Confidential Attorneys Eyes Only* in a manner to be agreed upon by the Parties.

3. In lieu of marking the original of a document or thing, if the original is not produced, the designating Party may mark the copies that are produced or exchanged, but the other Party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial in this action. However, nothing in this Order requires the production of privileged or work product Information and Materials, or any Information and Materials that are otherwise not subject to discovery.

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when a copy of the document or thing is provided to a Party. Only those pages bearing answers to interrogatories or requests for admission that contain *Confidential* or *Confidential-Attorneys Eyes Only* Information and Materials shall be labeled in the manner provided in Paragraph C.1 above. In the case of hearing and deposition transcript pages, the Parties may designate testimony as either *Confidential* or *Confidential-Attorneys Eyes Only*. In such instance, the Party making such designation shall order the preparation of a written transcript. Thereafter, the designating Party shall advise opposing counsel of the specific pages to be maintained in confidence, either as *Confidential* or *Confidential-Attorneys Eyes Only*, within fourteen (14) days after the receipt of the transcript. During such fourteen (14) day period, the entire transcript shall be deemed to be *Confidential—Attorneys Eyes Only*.

5. In the event that a disclosing Party discovers a failure to mark qualified Information or Materials as *Confidential* or *Confidential—Attorneys Eyes Only*, the other Party shall be notified immediately and the following corrective action shall be taken:

(a) The receiving Party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential* or *Confidential-Attorneys Eyes Only* and must be treated as designated in this Order;

(b) The receiving Party shall take all reasonable steps to place the applicable *Confidential* or *Confidential—Attorneys Eyes Only* label on the designated Information and/or Materials; and

(c) The receiving Party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

**D. Designating Information and Materials**

1. In designating Information and Materials as *Confidential* or *Confidential—Attorneys Eyes Only*, a Party will make such designation only as to that information that it in good faith believes to be *Confidential* or *Confidential—Attorneys Eyes Only* as defined in Paragraph B of this Order.

2. If counsel for a Party believes that questions put to a witness being examined during a deposition will disclose *Confidential* or *Confidential—Attorneys Eyes Only* Information and/or Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F hereof, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the Party whose *Confidential* or *Confidential—Attorneys Eyes Only* information is being disclosed.

**E. Redaction**

Redacted versions of *Confidential* or *Confidential—Attorneys Eyes Only* materials that no longer contain *Confidential* or *Confidential—Attorneys Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose.

**F. Access to *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials**

1. It is the general intent of the Parties to limit disclosure of *Confidential* and *Confidential-Attorneys Eyes Only* Information and Materials to the smallest number of persons, consistent with the needs of litigation.

2. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

(a) The law firms retained by any of the Parties that are signatories to this Order below for the purposes of the above-captioned litigation, including attorneys, law clerks, stenographic, clerical, and paralegal employees of these firms or temporary employees or assistants (including paralegals, attorneys and contract personnel) and outside copying and document management and preparation services whose functions require access to such *Confidential* Information and Materials; and,

(b) Three (3) designated representatives from each Party. For purposes of this Order, individuals authorized such access shall be those then holding the following positions: (i) for TAG, the positions of President, Chief Operating Officer, and Chief Financial Officer; (ii) for Pilot and Wang's, the positions of Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer. Disclosures to these designated representatives will be allowed only after the conditions set forth in Paragraph F.3 of this Order are satisfied.

(c) Independent jury and focus group consultants and mock jurors and focus groups participants.

(d) Independent experts, consultants, or translators for each Party and their staff and clerical personnel, who are not employees of the Parties or their parents, subsidiaries, divisions, branches, affiliates, or competitors, and whose advice and consultation will be used by such Party in connection with preparation for trial of this case. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.5 of this Order are satisfied.

3. Prior to any disclosure of *Confidential* Information and/or Materials to the person named in Paragraph F.2.(b) of this Order, counsel desiring to disclose *Confidential* Information and/or Materials of the opposing party to the designated person shall obtain from each such person a

copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

4. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential—Attorneys Eyes Only* under this Order is governed by this Order and is limited to those individuals, as identified above in Paragraph F.2.(a), Paragraph F.2.(c) and Paragraph F.2.(d).

5. Prior to any disclosure of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials to those persons named in Paragraph F.2.(c) of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B, and maintain it in counsel's files. Prior to any disclosure of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials to those persons named in Paragraph F.2.(d) of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B, and serve it on all Parties ("the Exhibit B Notice"). Counsel for a Party shall object in writing within five (5) business days after receipt the Exhibit B Notice to the disclosure of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials to any such person named in Paragraph F.2.(d). Such written objection ("the Disclosure Objection") shall state the basis for the objection. The parties shall meet and confer (which may be by telephone) to resolve such objections within five (5) business days of service of the Disclosure Objection and if no resolution is reached, the objecting party shall file an appropriate motion within five (5) business days after the meet and confer conference. Disclosing counsel shall not disclose any *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials to such persons identified in the objected-to Exhibit B Notice prior to expiration of the time for filing an appropriate motion or until after a ruling by the Court. In the event no motion is filed within the five-day period after the meet and confer conference, the objecting Party shall be deemed to have waived its objection.

6. Except as provided in Paragraphs F.2.(b) of this Order, *Confidential* Information and

Materials shall not be disclosed to an employee of any Party until there is an order of the Court to the contrary or until there is an express agreement between the Parties that such disclosure may be made. Prior to the disclosure of *Confidential* Information and Materials to an employee of any Party, disclosing counsel shall first obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

7. A Party who believes that the other Party has improperly designated Information or Materials as *Confidential* or *Confidential—Attorneys Eyes Only* shall provide written notice thereof ("the Designation Notice") to such other Party, identifying those documents that are believed to have been improperly designated and he reason(s) therefor. The Parties will attempt to resolve any disagreements about the designation of Information and/or Materials as *Confidential* or *Confidential---Attorneys Eyes Only* with a meet and confer conference before presenting the dispute to the Court by motion or otherwise. Such conference shall be held, in person or via telephone, within five (5) business days of the Designation Notice. If unable to resolve any such disagreements, the Party submitting the Designation Notice shall file an appropriate motion with the Court within five (5) business days of the Parties' meet and confer conference. Information and Materials designated as *Confidential* or *Confidential—Attorneys Eyes Only* shall remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the Parties. No Party shall be obliged to challenge the propriety of a *Confidential* or *Confidential—Attorneys Eyes Only* designation at the time of production, and failure to do so shall not preclude a subsequent attack on the proprietary of such designation.

8. Nothing contained in this Paragraph F shall prohibit a Party from using its own Confidential or *Confidential—Attorneys Eyes Only* Information or Materials or disclosing the same to any current employee of such Party.

G. **Handling *Confidential* and *Confidential—Attorneys Eyes Only* Information and**

**Materials**

1. Copies of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials shall not be made public by the Party to whom they are disclosed unless (a) they become a part of the public record in this action (i) by agreement of the Parties or (ii) by order or action of the Court, or unless (b) they have otherwise been made public through lawful means and through no fault of the receiving Party. *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials shall be filed with the Court in the manner provided for the electronic filing of confidential documents or otherwise in sealed envelopes accompanied by a cover sheet which shall be signed by the attorney of record and prominently marked with the caption of this case including the case number and the appropriate notation:
Restricted Document Pursuant to LR26.2
The materials contained herein are filed as restricted documents in accordance with the order of the Court dated _____, 2008.

2. Any Information and Materials marked with any one or more of these legends may be filed with the Court in a single envelope. The Parties stipulate that Information and Materials identified and labeled in accordance with this Paragraph shall be received *in camera* as directed by the Court.

3. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action and upon written request of the disclosing Party, all Information and Materials in the possession, custody or control of the receiving Party including experts and their staff, as identified above in Paragraph F.2.(c), retained or otherwise engaged by the receiving Party, except those in possession of the Court, shall be returned or destroyed, except outside counsel may maintain one copy of all Information and Materials, including briefs and other documents that quote from or otherwise include *Confidential* and/or *Confidential-Attorneys Eyes Only* Information and Materials, for its files. Outside counsel shall certify to counsel for the

producing Party the return or destruction of all additional copies of Information and Materials so designated in their possession, custody, or control, promptly upon the completion of such return and/or destruction.

4. In the event that Information and Materials designated as *Confidential* or *Confidential—Attorneys Eyes Only* are inadvertently disclosed to an individual not permitted, under Paragraph F.2 of this Order, to receive or view such Information and Materials, counsel for the Party inadvertently disclosing such Information and Materials must immediately take reasonable steps to recover such Information and Materials, and the Parties expressly agree that no waiver of the *Confidential* or *Confidential—Attorneys Eyes Only* status of the Information and Materials has occurred.

**H. Miscellaneous**

1. This Order shall not prevent a Party from applying to the Court for relief from this Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2. This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials have not or do not become known to the public.

3. No copy of any transcript of any deposition taken by any Party that is designated in part or in whole as *Confidential* or *Confidential—Attorneys Eyes Only* shall be furnished by the reporter to any person other than to outside counsel for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the Parties' outside counsel have designated those portions, if any, of the transcript that are to be regarded as *Confidential* or *Confidential—Attorneys Eyes Only* or upon the expiration of the fourteen (14) day period for such designation as specified in Paragraph C.4 of this Order. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this

Order, unless otherwise agreed by the Parties or ordered by the Court. If the receiving Party files with the Court, or uses at trial or a hearing, any portion of a deposition transcript within the fourteen (14) day period for such designation as specified in Paragraph C.4 of this Order, the receiving Party shall file such deposition transcript under seal as *Confidential— Attorneys Eyes Only*, unless and until the producing Party fails to designate that portion of the transcript filed or used as being either *Confidential* or *Confidential—Attorneys Eyes Only* within such fourteen (14) day period, or such fourteen (14) day period expires without the portion of such deposition so filed or used having been designated as either *Confidential* or *Confidential—Attorneys Eyes Only*.

4. Each person having access to *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5. Nothing in this Order shall bar or otherwise restrict any attorney herein from providing advice to his or her client with respect to this proceeding and, in the course thereof, referring to or relying upon his or her examination of *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials; provided, that in providing such advice and in otherwise communicating with clients, the attorney may disclose the general nature of but shall not disclose the substance of any *Confidential* or *Confidential—Attorneys Eyes Only* Information and Materials.

6. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a Party as if that waiver or consent was made by that Party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

7. In the event any non-Party is called upon to produce Information and Materials that it reasonably believes constitute or disclose trade secrets, commercial information or other information that it is entitled to maintain in confidence, such non-Party may elect to become Party to the terms of this Order by serving a notice of its election on counsel for each Party. A copy of this Order shall be served along with any subpoena served in this action. After service
of notice of election, this Order shall be binding on and inure to the benefit of such non-Party.

The Parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of this the 7th day of March 2008.

| TIGER ACCESSORY GROUP, L.L.C. | PILOT AUTOMOTIVE, INC.; WANG'S INTERNATIONAL, INC. |
|---|---|
| *s/Lawrence J. Crain/* | *s/ Donald W. Rupert/* |
| Lawrence J. Crain<br>(ARDC No. 6185248)<br>Anuj K. Wadhwa<br>(ARDC NO. 6278650)<br>GREER, BURNS, & CRAIN, LTD.<br>300 South Wacker Drive<br>Suite 2500<br>Chicago, IL 60606<br>Telephone: (312) 360-0080<br>Facsimile: (312) 360-9315<br><br>*Counsel for Plaintiff,*<br>*Tiger Accessory Group, L.L.C.* | Donald W. Rupert<br>Michael R. Graham<br>Scott A. Sanderson<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>Suite 6300<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Facsimile: (312) 474-0448<br><br>*Local Counsel for Defendants,*<br>*PILOT AUTOMOTIVE, INC. and*<br>*WANG'S INTERNATIONAL, INC.*<br><br>James C. Weseman<br>THE LAW OFFICES OF JAMES C. WESEMAN<br>401 West A Street<br>Suite 1600<br>San Diego, CA 92101-7906<br>Telephone: (619) 531-0950<br>Facsimile: (619) 531-0999<br><br>*Counsel for Defendants,*<br>*PILOT AUTOMOTIVE, INC. and*<br>*Wang's International, Inc.* |

IT IS SO ORDERED. This __16__ day of ~~March~~ APRIL, 2008.

William J. Hibbler
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIGER ACCESSORY GROUP, L.L.C. ) <br> an Illinois Limited Liability Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PILOT AUTOMOTIVE, INC. a California ) <br> Corporation ) <br> ) <br> and ) <br> ) <br> WANG'S INTERNATIONAL, INC., a ) <br> California corporation, ) <br> ) <br> Defendants. ) | Case No. 07 C 6825 <br><br> Judge William J. Hibbler <br> Magistrate Maria Valdez |

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. My prior employers for the past three years are (attach sheet if necessary):

   _____

   _____

5. I have received a copy, carefully read, and understand the provisions of the

Stipulated Protective Order in this case.

6. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Undertaking could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the Party that provided me with the "Confidential" Information and Materials as provided in Paragraph G.3 of the Stipulated Protective Order.

9. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____        By:_____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIGER ACCESSORY GROUP, L.L.C. an Illinois Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 C 6825 |
| PILOT AUTOMOTIVE, INC. a California Corporation | ) ) ) ) | Judge William J. Hibbler Magistrate Maria Valdez |
| and | ) ) | |
| WANG'S INTERNATIONAL, INC., a California corporation, | ) ) ) ) | |
| Defendants. | ) | |

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1.  My address is:

2.  My employer is:

3.  My present occupation or job description is:

4.  My prior employers or consulting work performed for the past three years are as follows (attach sheet if necessary):

_____

5.  I have/have never been employed and am/am not currently employed by any of

the Parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the Parties in any capacity other than as an expert, consultant, or translator in this proceeding.

6. I have received a copy of, carefully read, and understand the provisions of the Stipulated Protect Order in this case.

7. I will comply with all of the provisions of the Stipulated Protect Order and understand that a violation of the Stipulated Protect Order or this Undertaking could result in sanctions against me.

8. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protect Order any "Confidential" or "Confidential—Attorneys Eyes Only" Information or Materials disclosed to me.

9. I will return all Information and Materials containing or disclosing "Confidential" or "Confidential—Attorneys Eyes Only" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the Party that provided me with the "Confidential" or "Confidential—Attorneys Eyes Only" Information and Materials as provided in Paragraph G.3 of the Stipulated Protective Order.

10. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    By:_____

1051734